<div style="border:1px solid">

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-1226-18T1
                 A-1490-18T1

LESLEY ETHERIDGE,

      Plaintiff-Appellant,

v.

DIANA LOBOSCO,

      Defendant-Respondent.

_____

LESLEY ETHERIDGE,

      Plaintiff-Appellant,

v.

ALBERT BUGLIONE and
MAE REMER,

      Defendants-Respondents.

_____

         Argued telephonically April 2, 2020 –
         Decided April 30, 2020

         Before Judges Alvarez and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket Nos. L-2074-18 and L-2108-18.

Lesley Etheridge argued the cause pro se.

Alyssa K. Weinstein argued the cause for respondents Diana Lobosco and Mae Remer (Scarinci & Hollenbeck, LLC, attorneys; Alyssa K. Weinstein, of counsel and on the briefs).

Chryzanta K. Hentisz argued the cause for respondent Albert Buglione (Buglione, Hutton & DeYoe, LLC, attorneys; Chryzanta K. Hentisz, on the brief).

PER CURIAM

Leslie Etheridge, a former computer teacher at the Passaic County Technical Institute (the Institute), has filed two appeals regarding the dismissal of her complaints against the named defendants. The appeals are consolidated for decision.

Under Docket No. A-1226-18, Etheridge appeals the dismissal of her June 20, 2018 complaint against defendant Diana Lobosco, the Superintendent or Chief School Administrator of the Institute. Etheridge[1] alleged Lobosco violated the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14, and, additionally, defamed her. Judge Bruno Mongiardo dismissed the

---

[1] Etheridge did not include a copy of her complaint in the appendices. We glean her causes of action from the judge's analysis.

complaint, pursuant to Rule 4:6-2(e), because the events at issue occurred between September 2013 and May 2015, and thus are time-barred by the relevant statutes of limitations.[2]   For the reasons Judge Mongiardo thoroughly and cogently discussed in his September 14, 2018 decision, we affirm.

Under Docket No. A-1490-18, Etheridge appeals the dismissal of her June 21, 2018 complaint against defendants Albert Buglione, the Institute's counsel, and Mae Remer, Secretary to the Institute's Board of Education, arising from their allegedly defamatory conduct.  Judge Thomas F. Brogan dismissed the complaint with prejudice, also under Rule 4:6-2(e), because those claims were again time barred as to defamation—the filing of the complaint exceeded the one-year statute of limitations.  Additionally, the judge held that the complaint against both defendants should be dismissed because of the litigation privilege, as when the relevant conduct occurred, Buglione was acting as counsel for the Institute, and Remer, the Board Secretary.  In the complaint, Etheridge anchored her causes of action not only on events taking place between September 2013 and May 2015, but also on tenure charges filed against her and arbitrated from

---

[2]  N.J.S.A. 34:19-5 requires CEPA claims to be filed within a year; N.J.S.A. 2A:14-3 provides that actions for libel and slander must be filed within one year.

2015 to 2016, and an April 2014 unemployment hearing. For the reasons thoroughly and cogently explained by Judge Brogan, we affirm.

By way of context, the Institute filed serious disciplinary charges against Etheridge in the spring of 2015. All the charges were upheld in a June 27, 2016 arbitration decision. Opinion and Award, In the Matter of Arbitration Between Lesley Etheridge and Passaic County Vocational School District Passaic County, https://www.nj.gov/education/legal/teachnj/2016/jun/245-16.pdf. Although not entirely clear from Etheridge's submissions, Buglione appeared on behalf of the Institute at a telephonic unemployment hearing conducted April 18, 2017. On March 18, 2018, the State Board of Examiners issued an order to show cause seeking revocation or suspension of Etheridge's teaching certificate.

In order to avoid application of the statute of limitations, Etheridge attempts to impose legal liability on the named defendants for events that fall within the one year prior to the filing of her complaints. The defendants named in both complaints, however, were not participants in decisions made by independent agencies based on information regarding Etheridge's employment history. The dismissals, as both judges held, were therefore mandated by the statute of limitations, because the course of conduct engaged in by these persons fell so substantially outside the one-year window. Furthermore, as Judge

Brogan explained, an attorney acting on behalf of a client, or a secretary acting on behalf of a school board, is legally entitled to immunity.

Etheridge's points on appeal in No. A-1226-18 are set forth below:

POINT I
STATUTE OF LIMITATION. "IN ORDER TO PROTECT YOURSELF WITH THE STATUTE OF LIMITATION YOU HAVE TO DO MORE THAN FILE A NOTICE OF CLAIM." THE CONSCIENTIOUS EMPLOYEE PROTECTION ACT ONE-YEAR STATUTE OF LIMITATION BEGINS TO RUN FROM THE FINAL ACTION OF RETALIATION.

POINT II
THE DISCOVERY RULE.

POINT III
AMENDED FRAUD (OFFICIAL MISCONDUCT).

POINT IV
WHEN DOES A CEPA CLAIM BEGIN?

POINT V
AMENDED THE COMPLAINT TO INCLUDE FRAUD.

In No. A-1490-18, the points on appeal are as follows:

POINT I
STATUTE OF LIMITATION DEFAMATION V. TORTIOUS INTERFERENCE "THE OTHER TWO COUNTS (FRAUD) GO TO THE DAMAGES THAT FLOW FROM DEFAMATION. AND IT IS CLEARLY BEYOND THE ONE YEAR PERIOD. (RAISED BELOW)

A-1226-18T1

POINT II
IMMUNITY EXEMPTION (RAISED PAGE 21 LINE 14 AND 15) DURING THE COURSE OF LITIGATION. . ." "THEY BOTH HAVE LIABILITY --- THEY BOTH HAVE IMMUNITY DURING THE COURSE OF LITIGATION. . ." (RAISED BELOW).

POINT III
STATUTE OF LIMITATION TIME BARRED "THE OTHER TWO COUNTS (FRAUD) GO TO THE DAMAGES THAT FLOW FROM DEFAMATION. AND IT IS CLEARLY BEYOND THE ONE YEAR PERIOD. (RAISED BELOW)

POINT IV
IMMUNITY EXEMPTION "SO, THEY CAN ZEALOUSLY PUT FORTH THEIR PARTICULAR POSITION" (RAISED BELOW).

POINT V
FRAUD AND IMMUNITY EXEMPTION "I ASSUME HE (BUGLIONE) REPRESENTS THE SCHOOL SYSTEM (DISTRICT). PASSIAC COUNTY TECHNICAL INSTITUTE? (RAISED BELOW)

We consider Etheridge's arguments to lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1226-18T1